# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A 2014 NISSAN VERSA BEARING
NC REGISTRATION PLATE TJN4072
AND VIN 3N1CN7AP8EL839992

Case No. 1:23MJ 364

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Middle** District of **North Carolina**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(5)(B) | Possession of a firearm and ammunition by an alien admitted to the United States under a nonimmigrant visa. |

The application is based on these facts:
See attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/S/ ERIC S. NYE
*Applicant's signature*

Eric S. Nye, FBI Special Agent
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 08/29/23

*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## VEHICLE TO BE SEARCHED:

The SUBJECT VEHICLE is a 2014 Nissan Versa, bearing North Carolina registration plate TJN4072, and VIN 3N1CN7AP8EL839992, currently under the control of the UNC Chapel Hill Campus Police in Chapel Hill, NC.

## ATTACHMENT B

*Property to be seized.*

The items to be seized are evidence of a crime, contraband, fruits of crime, or other items illegally possessed, and property designed for use, intended for use, or used in committing a crime, in whatever form and however stored, relating to violation of 18 U.S.C. § 922(g)(5)(B), possession of a firearm and ammunition by an alien admitted to the United States under a nonimmigrant visa, committed by TALEI QI ("the Subject") in the form of:

- Firearms, ammunition, firearm magazines, firearms packaging;
- Cellular telephones;
- Laptops and digital storage devices;
- Documents indicating residency;
- Documents referencing the subject's immigration status;
- Receipts referencing the purchase, use or intended use of firearms;
- Safes or secured storage containers;
- Photographs or other documents showing possession, purchase, and use or intended use of firearms and/or ammunition;
- Documents indicating the subject's motive for the use, possession, or intended use of the firearm and ammunition, and the shooting;
- Documents showing the subjects relationship with the victim;

The seizure and search of safes, both combination and key type, or secured storage containers that could hold documents, devices, and objects such as those described above in this Attachment, and entry into those safes and secured storage containers by force, is

1

authorized by this warrant if such entry cannot easily be achieved by other means, and seizure of the contents, which contain evidence of the commission of the target offense in the forms identified above.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF )<br>A 2014 NISSAN VERSA BEARING NC )<br>REGISTRATION PLATE TJN4072 AND VIN )<br>3N1CN7AP8EL839992 ) | Case No. 1:23MJ 364 |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Eric Nye, Special Agent (SA), Federal Bureau of Investigation (FBI), Charlotte Division (CE), Raleigh-Durham Resident Agency, Cary, NC, being duly sworn, states the following:

### INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 U.S.C. § 2516.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since 2006. I have authored, executed, and/or participated in over fifty search and seizure warrants for illegal narcotics and related paraphernalia. I have participated in the operation and execution of over thirty Federal and State Title III orders. I have arrested and/or participated in the arrest of over 100 persons for violations of State and Federal narcotics statutes. I am currently assigned to investigate violent gangs in the Durham metropolitan area as a member of the FBI's Raleigh-Durham Safe Streets Task Force (RDSSTF) and have received over 100 hours of specialized training in the area of illegal narcotics and violent street gangs. Additionally, through

1

my investigation of gangs and gang members, I have become familiar with how individuals obtain, transport, store, and conceal firearms.

3. Further, based on training, knowledge, and experience your affiant knows that evidence of firearms possession will often be maintained in a person's residence and/or vehicle. Specifically, items such as receipts, gun boxes, ammunition boxes, firearm cleaning supplies, range gear, and records of range use will often be maintained in those locations. Additionally, items, such as cellphone and laptops, used to facilitate the research of firearms, types of ammunition to be used, range locations, and other firearms specific questions will be maintained on such electronic devices, including photograph of firearms, ammunition, and firearms related information.

4. This affidavit is made in support of an application for a warrant to search a vehicle, a **2014 Nissan Versa, bearing North Carolina registration plate TJN4072 and Vehicle Identification Number (VIN) 3N1CN7AP8EL839992** (the "SUBJECT VEHICLE") currently in the custody of the UNC Chapel Hill Campus Police in Chapel Hill, NC, in Orange County, within the Middle District of North Carolina. This affidavit is based upon information I have gained through this investigation, as well as information from other law enforcement officers and individuals associated with this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 18, United States Code, Section 922(g)(5)(B) is stored within the SUBJECT VEHICLE..

### Investigation into TAILEI QI and the Murder of Z.Y. at UNC Chapel Hill

5. On August 28, 2023, at approximately 12:58 p.m., officers with the University of North Carolina Police Department (UNCPD) responded to "shots fired" call at Caudill Labs located at 131 South Road, Chapel Hill, NC 27514.

2

6. Upon arrival, officers located a deceased Asian male in an office area that appeared to have suffered from multiple gun shots. Multiple witnesses at the scene informed officers that they knew the shooter and provided his name as TAILEI QI. The witnesses provided a clothing description of QI. One of the witnesses was in an adjacent office, heard the argument between QI and the victim, and then heard five gunshots. The witness exited his office and saw QI walking by with a gun in his hand.

7. Shortly after the officers arrived, CHPD received a 911 call about an unidentified male running in the woods behind Williams Circle near Barkley Drive in Chapel Hill. The caller provided a description of the male wearing a grey shirt. This description was consistent with the one provided by the witnesses to the shooting. This location is approximately one mile south of QI's apartment. This location indicated a route of travel, on foot, from the crime scene, north towards Subject Premises. The distance from the crime scene to QI's arrest location was approximately two miles and should have been covered on foot in no more than 45 minutes. The time of this arrest was 2:38 p.m., a duration, of approximately two hours and 45 minutes. Based on training, knowledge, and experience your affiant is aware that this extended duration indicates that QI was likely attempting to avoid detection from law enforcement, and possibly attempting to destroy or hide evidence during this period of time. Furthermore, this timeline would have allowed QI to access his vehicle, his residence, or both, prior to his arrest.

8. CHPD made contact with the suspect and he was detained without incident. The suspect was transported back to campus by the police and was positively identified by an eyewitness as the shooter.

3

Case 1:23-mj-00364-LPA   Document 1   Filed 08/29/23   Page 7 of 10

9. At the time of QI's detention, he was not in possession of the firearm. He was in possession of a light blue, Google cellular phone with the words "NANOHEROS" etched into the back of the phone.

10. At the crime scene officers recovered multiple spent shell casings from Sig Sauer 9mm Luger ammunition.

11. A 2014 Nissan Versa bearing North Carolina registration TJN4072,[1] the SUBJECT VEHICLE, was located by police in an adjacent parking lot to the crime scene. This vehicle is registered to QI at 109 Shadowood Drive, Apt. P, Chapel Hill, NC.

12. Your affiant interviewed QI and he admitted being at the lab the morning of the shooting but he asserted that he received an alert of a shooter on campus and decided to go home. QI denied being in any altercation with the victim and explained that he left his vehicle (Subject Premises) at the lab and decided to walk home for exercise.

13. QI denied owning or possessing a pistol but admitted to shooting a pistol at a firing range two weeks ago. The firearm was rented at the shooting range, and he fired with the instructor. QI could not remember the name of the range. He admitted that he used his phone to search Google for the range location.

14. QI denied possessing a firearm but was confronted with the possibility that depending upon where the firearm was placed a child could find the firearm and hurt themselves with it. When asked by an investigator if a child could find the firearm he shook his head in a manner indicating, "No." Federal and local law enforcement officers have made a diligent search for the firearm in public places, but the firearm used in this murder has yet to be located.

---

[1] Vehicle Identification Number (VIN) was recorded as 3N1CN7AP8EL839992.

## Immigration Status

15. A query with the US Immigration and Customs Enforcement confirmed that QI was legally present in the United States on a F1 nonimmigrant student visa. Furthermore, in order to obtain a student visa, QI had to apply for the visa and State Department and Department of Homeland Security records indicate that applied for and received at least one extension of the student visa. His application and renewal of the visa show he knew his nonimmigrant student visa status.

## Nexus Examination

16. The above listed ammunition, recovered on August 28, 2023, in Chapel Hill, North Carolina, is ammunition as defined in Title 18, United States Code, Section 921(a)(17)(A). This ammunition was not manufactured in the State of North Carolina, and therefore must have been shipped or transported in interstate or foreign commerce.

## 109 Shadowood Drive, Apt. P, Chapel Hill, North Carolina

17. The address, 109 Shadowood Drive, Apt. P, Chapel Hill, NC, is the registered residence for QI in the records of the North Carolina Department of Motor Vehicles. The Nissan Versa (Subject Premises) is registered to QI at this address.

18. During the interview of QI, he confirmed that he lived in an apartment[2] alone in Chapel Hill and that he was walking home when he was detained by law enforcement.

19. Based on the above-documented evidence, your affiant asserts that there is probable cause to believe that TAILEI QI, knowing his status as an alien with a nonimmigrant visa, illegally

---

[2] QI did not provide an address during this interview.

5

possessed a firearm and ammunition and that there is evidence of that crime in the SUBJECT VEHICLE.

## CONCLUSION

20. Based on the foregoing facts, I further respectfully submit that there is probable cause to search the SUBJECT VEHICLE described in Attachment A to seize evidence, contraband, fruits, and/or instrumentalities of crimes, namely, violations of 18 U.S.C. § 922(g)(5)(B), possession of a firearm and ammunition by an alien admitted to the United States under a nonimmigrant visa.

/s/ Eric S. Nye
Eric S. Nye, Special Agent
Federal Bureau of Investigation
United States Department of Justice

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 29th day of August, 2023, at 12:21 pm.

L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina